DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**D.L.,** a child,
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

Nos. 4D20-1848, 4D20-1849 and 4D20-1850

[November 10, 2021]

Consolidated appeal from the Circuit Court for the Nineteenth Judicial Circuit, Martin County; Darren Steele, Judge; L.T. Case Nos. 432019CJ000146A, 432019CJ000185A and 432019CJ000221A.

Carey Haughwout, Public Defender, and Erika Follmer, Assistant Public Defender, West Palm Beach, for appellant.

Ashley Moody, Attorney General, Tallahassee, and Richard Valuntas, Assistant Attorney General, West Palm Beach, for appellee.

GERBER, J.

The juvenile appeals from the circuit court's disposition order, which placed the juvenile in a high-risk secure residential program. The juvenile raises several arguments, four of which require reversal. We conclude the trial court erred by: (1) placing the juvenile in a high-risk secure residential program when his underlying crimes were misdemeanors and his probation violations were technical in nature; (2) making various scrivener's errors in the disposition orders; (3) not specifying the violated probation conditions in a written order; and (4) imposing enhanced prosecution costs without factual findings.

We will address each argument in turn.

1. ***The circuit court erred by placing the juvenile in a high-risk secure residential program when his underlying crimes were misdemeanors and his probation violations were technical in nature.***

Section 985.441(2) provides:

> Notwithstanding subsection (1), the court having jurisdiction over an adjudicated delinquent child whose offense is a misdemeanor, or a child who is currently on probation for a misdemeanor, may not commit the child for any misdemeanor offense or any probation violation that is technical in nature and not a new violation of law at a restrictiveness level other than minimum-risk nonresidential. However, the court may commit such a child to a nonsecure residential placement if:
>
> (a) The child has previously been adjudicated or had adjudication withheld for a felony offense;
>
> (b) The child has previously been adjudicated or had adjudication withheld for three or more misdemeanor offenses within the previous 18 months;
>
> (c) The child is before the court for disposition for a violation of s. 800.03, s. 806.031, or s. 828.12; or
>
> (d) The court finds by a preponderance of the evidence that the protection of the public requires such placement or that the particular needs of the child would be best served by such placement. Such finding must be in writing.

§ 985.441(2)(a)-(d), Fla. Stat. (2020).

Here, the juvenile admitted violating his probation on three underlying misdemeanor cases – simple battery in one case and resisting an officer without violence in two other cases. The probation conditions which the state alleged the juvenile had violated were:

> Condition 3: The child shall not commit any further law violations. ...
>
> Condition 5: The child shall not change or leave his/her residence, school, or place of employment without the consent of his/her parents and Juvenile Probation Officer.
>
> Condition 7: The child shall not use or possess alcoholic beverages, drugs or controlled substances without a valid prescription. ...

2

Condition 13: The child shall have a curfew of 8:00 p.m. until 6:00 a.m. ....

The state argues the circuit court properly committed the juvenile to a high-risk secure residential program because the juvenile committed new law violations by testing positive for marijuana and violating his curfew.

The state's argument lacks merit. Section 948.06(2)(f)1.c., Florida Statutes (2020), provides in pertinent part:

Except as provided in subparagraph 3. or upon waiver by the probationer, the court shall modify or continue a probationary term upon finding a probationer in violation when any of the following applies:

....

c. The violation is a low-risk technical violation, as defined in paragraph (9)(b).

§ 948.06(2)(f)1.c., Fla. Stat. (2020).

Subsection 9(b) defines a "low-risk violation" as including "[a] positive drug or alcohol test result" and "[a] violation of curfew." § 948.06(9)(b)1. & 6., Fla. Stat. (2020). Although a minor's curfew violation can constitute a new law violation, *see* § 877.22(1)(a), Fla. Stat. (2020) ("A minor may not be or remain in a public place or establishment between the hours of 11:00 p.m. and 5:00 a.m. of the following day, Sunday through Thursday, except in the case of a legal holiday."), the state's probation violation affidavit simply alleged the juvenile violated his probation condition 13 ("The child shall have a curfew of 8:00 p.m. until 6:00 a.m."), not section 877.22(1)(a).

Based on the foregoing, the juvenile's positive marijuana test and curfew violation were technical in nature and not new law violations. The highest restrictiveness level to which the circuit court could have committed the juvenile was a non-secure residential program, if any of section 985.441(2)'s subsections a-d had applied, and if not, then minimum-risk nonresidential. Thus, we are required to reverse the circuit court's placement of the juvenile in a high-risk secure residential program, and remand for a new disposition hearing.

2. ***The circuit court's three disposition orders contained various scrivener's errors which, on remand, require correction, as the state concedes.***

3

The record shows the juvenile spent twenty-one days in secure detention for his probation violations. However, the circuit court's disposition orders in all three underlying cases do not reflect the amount of time which the juvenile spent in secure detention. Pursuant to Florida Rule of Juvenile Procedure 8.115(d)(2), a disposition order shall "specify[] the amount of time served in secure detention before disposition." Thus, on remand, the circuit court shall indicate in each case's disposition order that the juvenile spent twenty-one days in secure detention.

The disposition orders also contained the following scrivener's errors:

• The disposition orders contained a checkmark indicating that, on August 5, 2020, after … "an adjudicatory hearing," the child was found to have committed the delinquent acts listed below. However, an adjudicatory hearing did not occur.

• The disposition orders did not contain a checkmark indicating the circuit court had considered the predisposition report in determining the juvenile's commitment placement. However, the transcript indicates the circuit court considered the predisposition report.

• The disposition orders indicated "the child is before the court for the disposition of a felony," and one of the disposition orders (in lower tribunal no. 432019CJ221A) indicated the underlying charge was a "felony third degree, maximum term 5 years." However, the juvenile was before the court for the disposition of three first-degree misdemeanors, each with a one-year maximum term.

On remand, after conducting a new disposition hearing, the circuit court shall ensure that the new disposition orders do not contain these (or other) scrivener's errors.

### 3. *The circuit court erred by not specifying the violated probation conditions in a written order.*

"If a trial court revokes a defendant's probation, the court is required to render a written order noting the specific conditions of probation that were violated." *M.A.L. v. State,* 110 So. 3d 493, 498 (Fla. 4th DCA 2013) (citation omitted). "If a formal, written order does not exist, it is appropriate to remand for entry of a proper order." *Id.*

The record does not contain a written order noting the probation conditions which the juvenile violated. Further, contrary to the state's

position, the plea agreement does not indicate the probation conditions which the juvenile admitted violating. Instead, the hearing transcript simply indicates the juvenile admitted to "three VOPs" (perhaps referencing having violated probation on the three underlying cases) without specifying the probation conditions which the juvenile violated.

Thus, on remand, the circuit court shall render a written order noting the probation conditions which the juvenile violated.

### *4. The circuit court erred by imposing enhanced prosecution costs without additional findings.*

The juvenile argues the circuit court erred in imposing an enhanced $200 prosecution cost, instead of the statutory minimum $50 cost, in each of the three underlying cases without having made factual findings supporting the imposition.

The state argues the juvenile did not object to the prosecution costs during the disposition hearing, and therefore waived his right to appeal the enhanced $200 prosecution cost imposed in each case.

However, the juvenile correctly argues the plea agreement did not indicate the prosecution costs would exceed the statutory minimum. *Cf. Ingalls v. State*, 304 So. 3d 21 (Fla. 4th DCA 2020) (affirming the $200 prosecution costs where the plea agreement called for imposing $200 prosecution costs). Further, after the disposition hearing, the juvenile filed a Florida Rule of Juvenile Procedure 8.135(b)(2) motion to correct disposition, arguing the circuit court imposed the enhanced $200 prosecution costs without having made factual findings supporting the imposition. Thus, the juvenile did not waive his right to appeal.

On the merits, section 985.032(2), Florida Statutes (2020), provides that juveniles are to be assessed prosecution costs pursuant to section 938.27, Florida Statutes (2020). Section 938.27(8) provides:

> Costs for the state attorney must be set in all cases at no less than $50 per case when a misdemeanor … offense is charged, … including a proceeding in which the underlying offense is a violation of probation …. The court may set a higher amount upon a showing of sufficient proof of higher costs incurred.

§ 938.27(8), Fla. Stat. (2020). Further, the state bears the burden of demonstrating the costs incurred. § 938.27(4), Fla. Stat. (2020).

5

Here, the circuit court imposed more than the $50 statutory minimum prosecution cost in the disposition orders but did not make factual findings that the enhanced costs were justified. This is reversible error. *N.J.P. v. State*, Nos. 4D20-1645 & 4D20-1873, 2021 WL1898116, at *2 (Fla. 4th DCA May 12, 2021). On remand, the circuit court shall either impose the statutory minimum $50 prosecution cost in each case, or shall make factual findings to justify an increase based upon the state having shown sufficient proof of higher costs incurred. *Id.*

## *Conclusion*

Based on the foregoing, we reverse the circuit court's placement of the juvenile in a high-risk secure residential program, and remand for a new disposition hearing, the results of which shall comply with this opinion.

Our reversal for a new disposition hearing moots the juvenile's additional two arguments on appeal that the circuit court erred by: (1) considering the juvenile's alleged fifth probation violation and other alleged misconduct which allegedly occurred after the juvenile admitted to other probation violations, but which had not been adjudicated before the disposition hearing; and (2) failing to comply the procedural requirements of *E.A.R. v. State*, 4 So. 3d 614, 638-39 (Fla. 2009), when it departed from the Department of Juvenile Justice's placement recommendation. On the latter issue, if it had been necessary for us to have reached the merits, we would have concluded, without further discussion, that the circuit court complied with *E.A.R.*'s procedural requirements.

*Reversed and remanded for further proceedings consistent with this opinion.*

ARTAU, J., concurs.
WARNER, J., concurs in result only.

* * *

**Not final until disposition of timely filed motion for rehearing.**